500          September 23, 2014          No. 63

## IN THE OREGON TAX COURT
## REGULAR DIVISION

DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

OREGON CITY BPOE #1189,
*Defendant.*

(TC 5194)

Plaintiff Department of Revenue (the department) appealed from a Magistrate Division decision as to property tax exemption. Defendant (taxpayer) argued that the statutory allowance for leases at certain limited rates meant that such leases were permitted, regardless of the use of the property made by taxpayer's tenant. Taxpayer further argued that any use by a lessee was permitted, even if the use was a commercial use. Granting the department's motion for summary judgment, the court ruled that a strict but reasonable reading of the statute and one that comported with the legislative intent reflected in the text and context of the statute was one under which use by a nonfraternal user may only be for entertainment and recreational purposes—that is, for the permitted uses stated in the opening language of ORS 307.136(1) that can logically apply to nonfraternal users. The court further ruled that the rental of taxpayer's property in this case was not for entertainment or recreational uses, but for nonexempt commercial uses and as such it resulted in a loss of exemption for a portion of taxpayer's building, even though the rent amount itself was within the statutory limit.

Oral argument on cross-motions for summary judgment was held May 12, 2014, in the courtroom of the Oregon Tax Court, Salem.

Joseph A. Laronge, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Plaintiff Department of Revenue (the department).

Jon S. Henricksen, Attorney at Law, Gladstone, filed the cross-motion and argued the cause for Defendant (taxpayer).

Decision for Plaintiff rendered September 23, 2014.

**HENRY C. BREITHAUPT, Judge.**

### I.   INTRODUCTION

This property tax exemption case is before the court on cross-motions for summary judgment. The facts have been stipulated. The tax year at issue is 2012-13.

## II.  FACTS

Defendant (taxpayer) owns a three-story building in downtown Oregon City. Prior to the year at issue the entire building received an exemption under ORS 307.136 as being property of a fraternal organization.[1]

During the year at issue, taxpayer leased the third floor of the building to a commercial business not eligible for any property tax exemption for property it owns or occupies. Plaintiff (the department) concedes that the amount of rent charged under the lease did not exceed the amount of rent permitted under ORS 307.136(1) ("expenses for heat, light, water, janitorial services and supplies and facility repair and rehabilitation").

## III.  ISSUE

Does the third floor of the building at issue qualify for exemption from property taxation under ORS 307.136?

## IV.  ANALYSIS

ORS 307.136 provides in relevant part:

"Upon compliance with ORS 307.162, the following property owned or being purchased by fraternal organizations shall be exempt from taxation:

"(1) All the real or personal property, or portion thereof, which is actually occupied or used in fraternal or lodge work or for entertainment and recreational purposes by one or more fraternal organizations, except that property or portions of property of a fraternal organization rented or leased by it at any time to other persons for sums greater than reasonable expenses for heat, light, water, janitorial services and supplies and facility repair and rehabilitation shall be subject to taxation."

As to the introductory provisions of the statute, taxpayer owns the property in question.

Like many, if not all of the property tax exemption statutes, ORS 307.136 focuses on the uses or occupancies of property. Unlike other statutes that require that exempt uses and occupancies be "exclusive," ORS 307.136

---

[1] The court's references to the Oregon Revised Statues (ORS) are to 2011.

contemplates that the exempt use or occupancy need not be exclusive.[2]

The uses permitted by ORS 307.136(1) are "fraternal or lodge work" or "entertainment and recreational purposes." The statute contemplates that the occupancy or use in these areas will be by "one or more fraternal organizations."

The statute also contemplates that property owned by a fraternal organization may be leased by it to "other persons." The language of ORS 307.136 read within the context of ORS chapter 307 indicates rentals to other fraternal organizations are not such rentals to "other persons." Why? Because, if a rent was charged to an "other" fraternal organization using the property for statutorily permissible uses, the rent limitations found in ORS 307.136(1) would conflict with those found in ORS 307.166, a statute specifically dealing with rental of property from one exempt organization to another exempt organization. ORS 307.166 contains different requirements as to the permissible rent. Such a conflict between statutory provisions should be, and is, avoided by acknowledging that an "other" fraternal organization is not an "other person" in ORS 307.136(1). That conclusion is also consistent with the fact that when the legislature wished to refer to "fraternal organizations" it did so specifically and not by a general reference to "persons."

Taxpayer argues that the statutory allowance for leases at certain limited rates means that such leases are permitted, regardless of the use of the property made by the tenant. Taxpayer argues that any use by a lessee is permitted, even if the use is a commercial use. That construction is at odds with the body of exemption statutes, none of which permit exemption in the case of use of property by commercial organizations or persons without specifically providing for what use is permitted.[3]

---

[2] Even for exemptions that require "exclusive" use, "exclusive" use has been construed to mean primary as distinguished from incidental use. *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 30-31, 343 P2d 893 (1959). Taxpayer does not claim that the use of its property by the lessee was incidental.

[3] For example, in ORS 307.111 commercially operated shipyard property is permitted exemption, but only with specific reference to a particular use. That pattern is repeated throughout ORS chapter 307, but always with specific references to specific for-profit or commercial uses.

The department argues that meeting the lease amount requirements of the statute is necessary but not sufficient. The department objects to taxpayer's construction and taxpayer's lease to a nonexempt organization, but has not outlined for the court what the precise parameters of the statue should be. There are, indeed, times when the department seems to argue that any use other than that by a fraternal organization can cause loss of exemption. Such a construction is not acceptable as it would effectively read out of the statute the language contemplating leases to nonexempt persons. That construction is also not acceptable because if one fraternal organization leases property to another fraternal organization, the exemption for such property is explicitly dealt with in ORS 307.166 and there would be no need to separately provide for it implicitly in ORS 307.136.

There is no legislative history available to help the court determine legislative intent as to how the statute should be construed. That said, the text and context of the statute, including that already discussed, provides a basis for decision.

The context includes ORS 307.134 that defines a fraternal organization as one that is "not solely a social club but is established under the lodge system" with certain features and engages in or supports "benevolent or charitable activity." *See* ORS 307.134(1)(b), (c).

Reading ORS 307.134 and ORS 307.136 together, it appears that a fraternal organization may use or occupy property for fraternal work or for entertainment and recreational purposes. However, those entertainment and recreational purposes may not extend so as to make the organization "solely a social club."

The court is also of the opinion that the "exception" language of ORS 307.136(1)—providing that a lease of property at a certain rate causes the loss of exemption—has to be read as meaning that at least certain leases at rates permitted by the statute will not cause loss of exemption. It also seems clear that a lease of property is itself a use of property by a fraternal organization—that is, use at all times by a fraternal organization is not required.

The question then becomes what uses by lessees other than other fraternal organizations are permitted, assuming the lease rate is within the statutory allowance.

It is often said that exemption statutes are to be construed strictly but reasonably. *See, e.g.*, *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91, 95 (2002). This court has said that the correct approach is for the court to determine legislative intent but, when in doubt, resolve close calls against the taxpayer. *Id.* (citing *Eman. Luth. Char. Bd. v. Dept. of Rev.*, 263 Or 287, 291, 502 P2d 251 (1972)).

The court is of the opinion that a strict but reasonable reading of the statute and one that comports with the legislative intent reflected in the text and context of the statute is one under which use by a nonfraternal user may only be for entertainment and recreational purposes—that is, for the permitted uses stated in the opening language of ORS 307.136(1) that can logically apply to nonfraternal users.[4]

This construction of the statute permits a fraternal organization to rent out its facilities to nonfraternal persons for weddings, parties, etc., subject to compliance with the rent amount restrictions of the statute. Of course, if such recreational or entertainment rentals grew to certain levels, the status of the lessor as a fraternal organization could come into question because its "use" of the property takes on the character of the use of the tenant, and an organization that is "solely a social club" is not a fraternal organization under ORS 307.134.

The rental in this case is not for entertainment or recreational uses. It is for nonexempt commercial uses. As such it results in a loss of exemption for a portion of the building, even though the rent amount is within the statutory limit.

To adopt taxpayer's position on how to construe the statute would be to read the statute as permitting rentals

---

[4] The court also observes that the list of permissible uses in ORS 307.136(1) is not conjunctive as to "fraternal or lodge work" and "entertainment and recreational" uses. Rather the listing is disjunctive. Fraternal or lodge work does not include entertainment and recreation, although a fraternal organization may itself use its property for entertainment and recreation, subject to the requirement in ORS 307.134(1)(b) that it not be solely a social club.

to users who did not fit within the statutorily permitted uses—"fraternal or lodge work" or "entertainment and recreational purposes." As stated above, permitting rentals to commercial users would provide a general exemption unheard of anywhere else in ORS chapter 307 except in situations where the legislature has specifically described the commercial use that qualifies for tax preference.

Finally, it cannot be argued, and taxpayer has not argued, that rent for uses beyond those specified in the statutes is justified because the income goes to support exempt uses.[5] Oregon does not follow the destination of income theory. *Corp. of Presiding Bishop v. Dept. of Rev.*, 276 Or 775, 778, 556 P2d 685 (1976).

## V.   CONCLUSION

For the reasons stated, the motion of the department is granted and the motion of taxpayer is denied. Costs to neither party. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment is denied.

---

[5] The rent in this case appears to have provided substantial sums to taxpayer for upkeep and repair of the building.