IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| VETERANS OF FOREIGN WARS POST 9745, | ) ) ) | |
| Plaintiff, | ) ) | TC-MD 160340N |
| v. | ) ) | |
| DOUGLAS COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiff appealed Defendant's disqualification of property tax exemption for property identified as Accounts R52077, R52084, R52091, and R52105 (subject property) for the 2015-16 tax year, and Defendant's denial of its application for property tax exemption for the subject property for the 2016-17 tax year. The court entered an Order on May 17, 2017, dismissing Plaintiff's appeal for the 2015-16 tax year because it was not timely filed under ORS 305.280(1).[2] That Order is hereby incorporated into this Decision.

A trial was held at the Oregon Tax Court in Salem, Oregon, on June 27, 2017, to consider Plaintiff's appeal for the 2016-17 tax year. Charles Lee, an Oregon attorney, appeared on behalf of Plaintiff. Wayne Spier (Wayne), Plaintiff's Commander; Reggie Spier (Reggie), the proprietor of The Vets Club LLC (The Vets Club); and Ronald Schelin (Schelin), a member of Plaintiff, each testified on behalf of Plaintiff.[3] Roger Hartman, Assessor, appeared on behalf of Defendant. Roxanna Conner (Conner), Exemption Specialist, testified on behalf of Defendant.

---

[1] This Final Decision incorporates without change the court's Decision, entered September 11, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

[3] Ordinarily, the court refers to individuals by their last names. However, two witnesses share the same last name, Spier, so the court will use their first names.

Plaintiff's Exhibit 1 and Defendant's Exhibits A-1 through A-5 were received without objection. Plaintiff filed a Brief on March 17, 2017, addressing the issues presented in this case.

## I. STATEMENT OF FACTS

Plaintiff is a fraternal organization for veterans and the owner of the subject property. A list of Plaintiff's fraternal activities included holding "Membership" and "House Committee" meetings once per month; holding "Ladies Auxiliary" meetings; holding "Cooties" meetings once per month; hosting bingo every Monday night; baking cookies for the Ladies Auxiliary; selling "buddy poppies" to raise funds for veterans in distress; holding memorials for deceased members; publishing a monthly newsletter; and renting out the subject property to members. (*See* Def's Ex A-2 at 2–3.) Many of those activities were conducted at the subject property, a meeting hall. (*See id.*; Ptf's Ex 1)

Prior to the 2015-16 tax year, the subject property was tax exempt. (*See* Compl at 1.) Wayne testified that Plaintiff historically served food and alcohol at the subject property five days per week under its own license. Wayne also testified that Plaintiff utilized volunteers to operate its bar and kitchen; however, Plaintiff realized that its volunteers had stolen approximately $78,000 from Plaintiff over the course of four years. In 2014, Plaintiff entered into a lease with The Vets Club to offset Plaintiff's operating costs and to address the theft problems. (Def's Ex A-2 at 3.)

Wayne testified that The Vets Club is a for-profit enterprise that operates the kitchen and bar within the subject property. Reggie, who is the proprietor of The Vets Club, testified that he manages the bar while his wife manages the kitchen. Reggie testified that he and his wife are not paid by Plaintiff; they make revenue from selling food, soda, beer, and liquor at the subject property. Reggie testified that he sets the food and beverage prices, but he tries to keep them

low. Wayne testified that, although The Vets Club leased the subject property, Plaintiff continued to carry on its fraternal activities and functions as it did prior to signing the lease. (*See* Def's Ex A-2 at 1.) He testified that, in his opinion, the rent charged did not exceed the amount of rent permitted under ORS 307.136(1). Defendant did not offer any evidence to rebut that assertion.

Connor testified that, in Defendant's view, the lease gave The Vets Club a possessory interest in the entirety of the subject property. (*See* Def's Ex A-1.) The lease includes a provision stating that Plaintiff may use the subject property with the prior written consent of The Vets Club, but only if The Vets Club has no conflicting events. (*Id.* at 2.) A lease addendum was signed in June 2014 granting Plaintiff the right to conduct their monthly meetings at the subject property "and to hold other such fraternal activities at" the subject property. (Def's Ex A-3 at 1.)

At trial, Defendant agreed that Plaintiff is a fraternal organization and the subject property would be entitled to property tax exemption but for the lease of the subject property to The Vets Club, a for-profit enterprise. Plaintiff's witnesses described the lease as having been for the purpose of helping Plaintiff save money and address its theft problems resulting from volunteers. (*See also* Def's Ex A-2.) According to Plaintiff's witnesses, the actual relationship between The Vets Club and Plaintiff differs from what is described in the lease. Reggie testified that Plaintiff has retained the right to rent the subject property for events and retains 80 percent of the rental income from such events, and The Vets Club receives 20 percent for bartending fees. Although the lease states no outside food is permitted, Reggie testified that that is not the case: Groups are free to provide their own food or to not offer any food or beverages. (*See* Def's Ex A-1 at 2.) Wayne testified that The Vets Club only uses the bar and kitchen, but the lease

includes the entire subject property. (*See id.* at 1.) Reggie testified that the lease was drafted to allow ingress and egress, thereby satisfying requirements for The Vets Club's liquor license. He testified that the bar and kitchen generally operate in tandem with Plaintiff's events, although there is no written agreement requiring that The Vets Club operate at specific times or charge specific prices.

## II. ANALYSIS

The issue before the court is whether the subject property qualified for property tax exemption under ORS 307.136 for the 2016-17 tax year.

ORS 307.136 provides that "[a]ll the real or personal property, or portion thereof, which is actually occupied or used in fraternal or lodge work or for entertainment and recreational purposes by one or more fraternal organizations" is exempt from taxation. However, no exemption is allowed for "property or portions of property of a fraternal organization rented or leased by it at any time to other persons for sums greater than reasonable expenses for heat, light, water, janitorial services and supplies and facility repair and rehabilitation." ORS 307.136(1).

In Tax Court proceedings, "a preponderance of the evidence shall suffice to sustain the burden of proof." ORS 305.427. The party seeking affirmative relief bears the burden of proof. *Id.* "Taxation is the rule and exemption from taxation is the exception." *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev.*, 301 Or 423, 426, 723 P2d 320 (1986). Property tax exemption statutes are construed strictly but reasonably. *SW Oregon Pub. Def. Services v. Dept. of Rev.*, 312 Or 82, 88–89, 817 P2d 1292 (1991). "Strict but reasonable construction does not require the court to give the narrowest possible meaning to an exemption statute. Rather, it requires an exemption statute be construed reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent." *North Harbour Corp. v. Dept. of*

*Rev.*, 16 OTR 91, 95 (2002). This court has stated that the "the statute will be construed reasonably to ascertain legislative intent, but in case of doubt will be construed against the taxpayer." *Id.* (citing *Eman. Luth. Char. Bd. v. Dept. of Rev.*, 263 Or 287, 291, 502 P2d 251 (1972)).

In *Department of Revenue v. Oregon City BPOE #1189* (*BPOE*), this court construed the provision in ORS 307.136 permitting a fraternal organization to lease their properties at a rental rate designed to cover operating costs. 21 OTR 500 (2014). In that case, the taxpayer—a fraternal organization—leased part of the building it owned "to a commercial business not eligible for any property tax exemption." The amount of rent charged under the lease did not exceed the amount of rent permitted under ORS 307.136(1). *Id.* The court stated that, while "use at all times by a fraternal organization is not required, * * * [t]he question then becomes what uses by lessees other than other fraternal organizations are permitted, assuming that the lease rate is within the statutory allowance." *Id.* at 503–504. The court determined that ORS 307.136 only permits nonfraternal lessees to use the property for entertainment and recreational purposes. *Id.* at 504. The court held that a fraternal organization may not retain its property tax exemption on a portion of its property leased to a nonexempt commercial user. *Id.* The court reasoned that "permitting rentals to commercial users would provide a general exemption unheard of anywhere else in ORS chapter 307 except in situations where the legislature has specifically described the commercial use that qualifies for tax preference." *Id.* at 505.

In this case, the subject property qualified for property tax exemption prior to the tax years at issue. Although Plaintiff argues that it was still operating in the same capacity as prior to signing the lease, Plaintiff leased the entirety of the subject property to The Vets Club. Plaintiff asks that the court disregard the formal rights and relationships represented in the lease

and focus instead on the actual use and operations of the subject property. Plaintiff maintains that, based on its actual use of the subject property, it meets the requirements for property tax exemption.

A review of ORS chapter 307 reveals that leases play a significant role in property tax exemption statutes; lease terms are scrutinized and new leases may require new exemption applications. *See, e.g.,* ORS 307.112, 307.166.[4] That is no less true under ORS 307.136(1), which limits the ability of fraternal organizations to lease their properties while retaining an exemption. The court cannot, therefore, disregard the subject property lease.

According to Plaintiff, the rent charged on the subject property does not exceed the amount of rent necessary to pay for reasonable expenses. Even accepting as true Wayne's testimony that the rent charged did not exceed the amount permitted under ORS 307.136(1), that fact alone is not dispositive. *See BPOE,* 21 OTR at 501 (noting the department's concession that the amount of rent charged was within the amount permitted by ORS 307.136(1)). The court must still consider the use of the subject property by The Vets Club. The Vets Club operates for nonexempt commercial uses, not for entertainment or recreational purposes. The Vets Club does not qualify for any property tax exemption under ORS chapter 307. The court finds this case indistinguishable from *BPOE* and must deny Plaintiff's exemption for the same reason.

Finally, the court addresses Plaintiff's argument that its lease allowed Plaintiff to save money, thereby increasing Plaintiffs' funds available for its tax exempt activities. Whatever money Plaintiff saved as a result of its lease, those savings do not qualify the subject property for

/ / /

---

[4] Under ORS 307.166, an organization that is entitled to exemption under ORS chapter 307 may lease its property to another such organization. However, the lessee organization must submit a claim to the assessor and independently qualify for property tax exemption for the leased property.

tax exemption because Oregon "does not follow the destination of income theory." *BPOE*, 21 OTR at 505 (citing *Corp. of Presiding Bishop v. Dept. of Rev.*, 276 Or 775, 778, 556 P2d 685 (1976)).

Because Plaintiff leased the entirety of the subject property to a nonexempt commercial user, Plaintiff does not qualify for property tax exemption under ORS 307.136 for the 2016-17 tax year.

### III.  CONCLUSION

After careful consideration, the court concludes that Plaintiff leased the entirety of the subject property to a nonexempt commercial user and, as a result, the subject property does not qualify for property tax exemption under ORS 307.136 for the 2016-17 tax year.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal of the 2015-16 tax year is dismissed.

IT IS FURTHER DECIDED that Plaintiff's appeal of the 2016-17 tax year is denied.

Dated this ____ day of September 2017.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Boomer and entered on September 29, 2017.*